CITY OF BELFAST *vs.* HAYFORD BLOCK COMPANY.

Waldo.    Opinion November 23, 1921.

*Assessors of taxes may correct an error by them made in making the original assess-*
*ment, and such correction if of such a nature as to decrease the amount of tax*
*as assessed originally, is not an abatement within the meaning of the*
*law.    Embracing property exempted under the law in the valuation*
*constitutes such error, which may be corrected.*

Under Sec. 10, Chap. 4, of the R. S., assessors of taxes are authorized to correct
any omissions or errors in their assessment by amendment, while in office
or after they cease to hold office, on oath, according to the fact, and such
amendment or correction does not constitute an abatement within the mean-
ing of the statute relating to abatements.

On report on an agreed statement of facts.    An action of debt to
recover an unpaid balance of taxes as originally assessed.    The
assessors in their valuation included property exempted under the
statute and after discovery of their error, corrected it as they had a
right to do under Chap. 4, Sec. 10, R. S., by reducing the amount of
tax as assessed.    Plaintiff alleges that such action by the assessors
constituted an abatement and that the statute authorizing abatement
of taxes was not conformed to by the assessors.    Defendant con-
tended that the act of the assessors did not constitute an abatement
within the meaning of the statute, but simply a correction.    The case
was submitted on an agreed statement of facts to the Law Court to
render such judgment as the law and the facts required.    Judgment
for the defendant.

Case is stated in the opinion.
*Robert F. Dunton,* for plaintiff.
*Arthur Ritchie,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL,
    DEASY, JJ.

HANSON, J.    Action of debt to recover the unpaid balance of
taxes assessed against the defendant corporation in 1920, amounting
to $248.71, and before the court on an agreed statement of facts.

From the agreed facts it appears,

1.   That the total of defendant's taxes for 1920 is $1,153.45, and payments and discount amount to $904.74, leaving an unpaid balance of $248.71.

2.   That on the second floor of defendant's building, assessed as "Hayford Block," is a hall known as "Belfast Opera House," which was leased by the defendant to one Williamson for a term of five years from and after January 1, 1919.

3.   That on or about August 4, 1919, said Williamson, with the written consent of defendant, leased said hall to the City of Belfast for one year.   The principal object of the city in taking said lease was to provide an armory for a military company, but it was also used for other purposes for which the city had a right to use it under its lease.

4.   That on November 27, 1920, the assessors made a record of abatements containing the following item:   "Hayford Block Co., Sec. 97 Chapter 259, R. S.   To correct an error of the assessors in making the original assessment R. E. $248.71."   And in the list of abatements given by the assessors to the collector is the following item:   "Hayford Block Co. Armory exempt, $248.71, 15/68 of tax."

5.   That no written application was made to the assessors for this abatement.

The assessors in the foregoing record state frankly that they make the same "to correct an error of the assessors in making the original assessment," and while recorded in the list of abatements it is not an abatement within the meaning of the statute relating to abatements, but an amendment correcting an error.   The reason for the correction is given in the agreed facts, namely, that the second floor of the Hayford Block Co. building was used as an armory, and therefore exempt from taxation.

The action of the assessors in making the amendment is authorized by law.   Sec. 10, Chap. 4, R. S., provides that "when omissions or errors exist in the records or tax lists of a town or school district, or in returns of warrants for meetings thereof, they shall be amended, on oath, according to the fact, while in or after he ceases to be in office, by the officer whose duty it was to make them correctly.   If the original warrant is lost or destroyed, the return, or an amendment of it, may be made upon a copy thereof."

The reason assigned for making the amendment is ample, as the case falls within the meaning and intention of Chapter 259, Public Laws, 1917, Sec. 97, thereof providing that "All armories, drill rooms, offices, headquarters offices, and target ranges, owned by the state or by any municipality, or by any organization of the National Guard, and all buildings and lands leased by the state, or by any municipality, or, by an officer or organization of the National Guard, to be used as an armory, drill room, headquarters' office, target range, or for other military purposes, shall be exempt from taxation for all purposes during the period of such ownership, lease and use."

It is urged that no written application was presented for an abatement by the defendant, but the position is not well taken, because as above stated, no abatement within the meaning of the law has been made, or attempted to be made. A correction of their own error was made by the assessors, and this under the statute they were authorized to do.

*Judgment for defendant.*